(No. 72371.—

# THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. THOMAS V. ODLE, Appellant.

*Opinion filed October 1, 1992.*

Howard B. Eisenberg, of Little Rock, Arkansas, and James E. Elmore, of Elmore & Reid, of Springfield, for appellant.

Roland W. Burris, Attorney General, of Springfield (Rosalyn Kaplan, Solicitor General, and Terence M. Madsen and Karen Alice Kloppe, Assistant Attorneys General, of counsel), for the People.

JUSTICE HEIPLE delivered the opinion of the court:

The defendant, Thomas V. Odle, was convicted of the brutal murders of his father, mother, two brothers, and a

sister in their family residence located in Mt. Vernon, Illinois, on November 8, 1985. A jury rejected defendant's insanity defense and found him guilty of all five murders. The defendant waived a jury at sentencing, and the trial court found the defendant eligible for the death penalty. After hearing evidence in aggravation and mitigation, the trial court sentenced the defendant to death.

Defendant's convictions were affirmed on direct appeal in *People v. Odle* (1988), 128 Ill. 2d 111. Thereafter, the United States Supreme Court denied review of defendant's direct appeal. (*People v. Odle* (1990), 497 U.S. 1031, 111 L. Ed. 2d 798, 110 S. Ct. 3289.) On December 3, 1990, defendant filed a petition for post-conviction relief and the State filed a motion to dismiss the petition. After hearing oral arguments on the petition, but without conducting an evidentiary hearing, the petition was dismissed. This court has jurisdiction over the instant appeal pursuant to Supreme Court Rule 651(a) (134 Ill. 2d R. 651(a)).

On appeal, the defendant argues that post-conviction Circuit Judge Donald E. Garrison erred in deciding to deny defendant's petition for post-conviction relief, without conducting an evidentiary hearing. The defendant's post-conviction petition alleged that he had received ineffective assistance of counsel. More specifically, the defendant's petition contained the following allegations: (1) defendant's attorneys continued to tell defendant that he would "walk" free due to his strong insanity defense even after they knew that the experts they retained concluded that he was not insane; (2) the relationship between the defendant and one of his attorneys, Charles Stow, was unprofessional as illustrated by the attorney stating that he was the "number one fan of the Tom Odle fan club"; (3) counsel did not discuss the possibility of or seek to enter into a negotiated plea on behalf of the defendant; and (4) defendant did not testify at trial,

nor did counsel discuss with the defendant the possible advantages of his testifying.

The gruesome facts of this case are adequately set forth in this court's opinion on the defendant's direct appeal (*People v. Odle* (1988), 128 Ill. 2d 111) and will be repeated here only where necessary. The 18-year-old defendant was apprehended the day after the murders, was read his *Miranda* rights, and waived his right to have an attorney present during questioning. During questioning, the defendant made an oral statement in which he confessed to the murders. Defendant's tape-recorded confession, as well as the transcript of the confession, were admitted into evidence at trial. In that confession, the defendant detailed the premeditated manner in which he stabbed and strangled to death the five family members.

Prior to trial the defendant was examined by two mental health professionals to determine the defendant's motivation for committing the crimes and neither was able to render an opinion as to the defendant's sanity on the day of the murders. Additionally, the defendant admitted to his psychiatrist that he understood what was happening in this case.

In ruling on the post-conviction petition, the trial court stated:

"I believe that *People v. Spreitzer*, cited by the Illinois Supreme Court in early 1991 sets forth the principles the court is to apply in a Post-Conviction Relief Act proceeding. I reviewed the principles set forth. I won't recite them all for the record, but I am aware of them.

In particular, let me mention the principle that a claim of ineffective assistance of counsel can often be disposed [of] upon a showing that the defendant suffered no prejudice from the claimed errors without deciding whether the error constituted constitutional ineffective assistance of counsel. I believe that in *People v. Odle*, the Defendant suffered no prejudice from the claimed errors.

> In addition, I believe that the errors alleged did not constitute constitutionally ineffective assistance of counsel. Accordingly, the State's Motion to Dismiss is granted and the Defendant's Petition for Post-Conviction Relief is denied ***."

The trial court's denial of the defendant's post-conviction petition, without conducting an evidentiary hearing, is amply supported by the instant record and Illinois law. At a hearing under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1983, ch. 38, par. 122—1 *et seq.*), the burden is on the defendant to establish a substantial deprivation of rights under the United States Constitution or the Constitution of Illinois and determinations by the trial court will not be disturbed unless manifestly erroneous. (*People v. Griffin* (1985), 109 Ill. 2d 293, 303.) "There is no entitlement to an evidentiary hearing on a post-conviction petition unless the allegations of a defendant are supported by the trial record, accompanying affidavits, and make a substantial showing that a defendant's rights have been violated." *People v. Spreitzer* (1991), 143 Ill. 2d 210, 218.

The defendant's claims of ineffective assistance of counsel must be analyzed in light of *Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052. Under *Strickland*, the defendant must prove the following in order to establish that defense counsel's performance was constitutionally defective: (1) that "counsel's performance was deficient" in that it "fell below an objective standard of reasonableness," and (2) that the "deficient performance prejudiced the defense" such that the defendant was deprived a fair trial whose result was reliable. (*Strickland*, 466 U.S. at 687-88, 80 L. Ed. 2d at 693, 104 S. Ct. at 2064.) Further, *Strickland* holds that an ineffectiveness claim can often be disposed upon a showing that a defendant suffered no prejudice from the claimed errors without deciding whether the errors

constituted constitutionally ineffective assistance of counsel. (*Strickland,* 466 U.S. at 697, 80 L. Ed. 2d at 699, 104 S. Ct. at 2069.) Additionally, the *Strickland* standard requires "a reasonable probability of a different result, not merely a possibility." *People v. Gacy* (1988), 125 Ill. 2d 117, 129-30.

Here, the trial court correctly determined that no prejudice resulted from the defendant's claimed errors. The defendant confessed to having murdered his entire family in a premeditated and heinous manner without provocation and he had no hope of a viable defense for avoiding conviction at trial. Moreover, two psychiatrists were unable to render an opinion as to defendant's sanity on the day of the murders and the jury rejected defendant's insanity defense. Accordingly, it cannot be said that a reasonable probability existed that the jury would have reached a different result if it were not for the claimed errors.

Moreover, the trial court correctly determined "that the errors alleged did not constitute constitutionally ineffective assistance of counsel." Given the facts of this case, defense counsel's performances were not constitutionally defective. It is well settled that a defendant is entitled to competent, not perfect, representation. (*People v. Greer* (1980), 79 Ill. 2d 103.) Furthermore, there is a strong presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Strickland v. Washington* (1984), 466 U.S. 668, 690, 80 L. Ed. 2d 674, 695, 104 S. Ct. 2052, 2066.

In this case, there is nothing to indicate that defense counsel erred in their strategy of advancing an insanity defense and not advising the defendant to testify at trial. Based on the record, *i.e.,* five brutal murders admittedly committed at the hands of the defendant, the insanity defense offered the only hope of acquittal at

trial. Further, defense counsel had the defendant address the court at the sentencing phase through allocution. This allowed the defendant to explain the cause of his misconduct, express his remorse over the crimes, and request mercy, without being subjected to cross-examination. Additionally, there is nothing in the record to support defendant's allegations that attorney Stow's personal relationship with the defendant affected the outcome of the defendant's trial. Finally, there is no reason to believe that a plea agreement could have been reached with the prosecution, given the defendant's overwhelming guilt.

For the above reasons, we affirm the judgment of the circuit court. The clerk of this court is directed to enter an order setting Wednesday, January 20, 1993, as the date on which sentence of death, entered in the circuit court of Jefferson County, is to be carried out. Defendant shall be executed in the manner provided by section 119—5 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1991, ch. 38, par. 119—5). The clerk of this court shall send a certified copy of the mandate in this case to the Director of Corrections, to the warden of Stateville Correctional Center, and to the warden of the institution where the defendant is now confined.

*Affirmed.*